IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DAVID F. R. SINDE,             )
                                 )
        Plaintiff,          )   TC-MD 130093N
                                 )
      v.                     )
                                 )
DEPARTMENT OF REVENUE,    )
State of Oregon,              )
                                 )
        Defendant.      )   **FINAL DECISION**

The court entered its Decision in the above-entitled matter on November 14, 2013. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

Plaintiff appeals Defendant's Notice of Proposed Adjustment and/or Distribution, issued March 4, 2013, for the 2012 tax year. A trial was held in the courtroom of the Oregon Tax Court on September 9, 2013. Plaintiff appeared and testified on his own behalf. Tony Inovejas (Inovejas), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibit 1 and Defendant's Exhibits A through C were received without objection.

## I. STATEMENT OF FACTS

For the 2012 tax year, Plaintiff claimed a working family child care credit (working family credit) of $1,874 and a child and dependent care credit (child care credit) of $150, both of which were denied by Defendant. (Ptf's Compl at 5.) Plaintiff claimed total child care payments of $4,684 for the 2012 tax year. (*Id.* at 3.)

/ / /

Plaintiff testified that in 2012, he and Jenna Melberg (Melberg)[1] had two children, who were 2 and 10 years old. He testified that the claimed child care payments were for the 2-year-old child only. Plaintiff testified that in 2012, he would leave for work very early in the morning, so Melberg would take their child to daycare. Plaintiff testified that he picked up their child from daycare every other Thursday. Plaintiff testified that in 2012, Melberg paid their child care provider by check. (*See* Def's Ex A (letter); Ex B (receipts).) Plaintiff provided a copy of a "Policy and Procedure Agreement" signed in January 2012 by Plaintiff, Melberg, and "Day Care Provider" Caroline Fay. (Ptf's Ex 1.)

Plaintiff testified that he and Melberg were married as of the date of trial, but were not married in 2012. Plaintiff provided a letter dated March 11, 2013, from Melberg stating:

> "[Plaintiff] and I are in a domestic relationship. We are not married so my checks and bank account do not have David's name. I am the one who physically picks up our child from daycare and so I am the one who writes the checks for her day care provider."

(Ptf's Compl at 2.) Melberg explained that for the 2012 tax year, Plaintiff "has claimed both [her] children (one child belonging to him) and [their] child's daycare on his 2012 taxes." (*Id.*)

Plaintiff testified that although Melberg paid their child care provider, Plaintiff reimbursed Melberg for child care expenses when he received his paychecks. He testified that he was paid twice monthly. Plaintiff testified that he and Melberg did not have a formal agreement or arrangement with respect to reimbursement. He testified that they jointly contributed to child care and household expenses. Plaintiff testified that he did not have a checkbook in 2012; instead, he withdrew money from ATMs.

Inovejas testified that he denied Plaintiff's claimed working family credit and child care credit because the child care payments were made by Melberg, not Plaintiff. Inovejas testified

---

[1] Melberg appeared at trial, but did not testify.

that under the applicable administrative rule, the working family credit may be claimed only by the parent who paid for the child care. He testified that Melberg could have claimed the working family credit and child care credit in 2012 because she paid for child care.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a working family credit and a child care credit for the 2012 tax year based on his claimed child care payments totaling $4,684. ORS 315.262 provides a refundable credit, the working family credit, for qualifying taxpayers to partially offset child care costs incurred while taxpayers are working, attending school, or seeking employment.[2] ORS 315.262(3) states in part: "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses * * *." Under ORS 315.262(1)(a), "child care" is "care provided to a qualifying child of the taxpayer for the purpose of allowing the taxpayer to be gainfully employed, to seek employment or to attend school on a full-time or part-time basis."

ORS 316.078 provides a nonrefundable credit, the child care credit, for certain "employment-related expenses," including child care, paid by a taxpayer for the care of a dependent child or children. The child care credit is specifically tied to IRC section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1); *see also* OAR 150-316.078(1).[3] IRC section 21(a)(l) provides a credit for a "percentage of the employment-related expenses * * * paid by such individual during the taxable year."

/ / /

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

[3] OAR 150-316.078(1) states: "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."

Plaintiff has the burden of proof and must establish his case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence * * *." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [his] burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

Defendant denied Plaintiff's working family credit and child care credit because the claimed child care payments were made by Melberg, not Plaintiff. Pursuant to its authority under ORS 315.262(5)(a), the Department of Revenue promulgated OAR 150-315.262(3), which states in part that "payments must be made by the parent claiming the working family child care credit. Payments made by an entity or individual other than the parent claiming the credit are not payments made by the taxpayer." The administrative rule provides the following example:

> "Shannon and Caleb are not married and live together with their son, Adam. Adam's child care expense for the year is $4,600 of which each parent pays half. Caleb's adjusted gross income (AGI) is $30,000 and Shannon's AGI is $16,000. Under federal law, either Caleb or Shannon could claim the dependency exemption for Adam as their qualifying child. They agree that Shannon will claim Adam as her qualifying child, therefore Caleb cannot. *Shannon may claim the working family child care credit based on the $2,300 of child care expenses she paid* and a household size of two. Even though Caleb paid child care expenses, he may not claim the working family child care credit because Adam is not his qualifying child."

OAR 150-315.262(3) (emphasis added).

It is clear under the administrative rule and example that child care payments must be made by the parent claiming the working family credit. Here, child care payments in 2012 were made by Melberg, not Plaintiff. At trial, Plaintiff testified that he reimbursed Melberg for child care expenses. In two cases, this court has allowed a working family credit when child care payments were made by an individual or entity other than the parent, but the parent provided persuasive evidence of reimbursement. In *Hernandez v. Dept. of Rev.*, TC-MD No 070570B,

WL 2583023 at *1 (Jun 18, 2008), the taxpayer's child care payments were made by the Oregon Department of Human Services (DHS). The taxpayer provided a report from DHS stating her account "was repaid 'in full' " for "day care" payments. *Id.* Additionally, the taxpayer provided copies of "canceled checks * * * payable to the State of Oregon." *Id.* at *2. In *Gibson v. Dept. of Rev.*, TC-MD No 060399C, WL 900764 at *2 (Mar 23, 2007), the court was persuaded by the taxpayer and her mother's credible testimony that the taxpayer reimbursed her mother for child care payments made by the taxpayer's mother on behalf of taxpayer.

Here, Plaintiff was unable to offer any evidence that he reimbursed Melberg for child care payments. Plaintiff testified candidly that he and Melberg jointly contributed to household expenses and did not have any formal arrangement or agreement with respect to payment for household expenses or for child care. Absent any evidence that Plaintiff reimbursed Melberg for child care payments, the court cannot find that Plaintiff paid the claimed child care expenses in 2012. Plaintiff has not met his burden of proof and his appeal must be denied.

## III. CONCLUSION

After careful consideration, the court finds that Plaintiff failed to meet his burden of proof that he paid the claimed child care expenses in 2012. Plaintiff's appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of December 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*THIS DOCUMENT WAS SIGNED BY MAGISTRATE ALLISON R. BOOMER ON DECEMBER 3, 2013, AND FILED, ENTERED AND MAILED THE SAME DAY.  THIS IS A PUBLISHED DOCUMENT.*